**FOUR SEASONS APARTMENT, Plaintiff,**

**Norman Milstein; Leonard Fuchs, Plaintiffs-Appellants,**

v.

**CITY OF MAYFIELD HEIGHTS, OHIO, Defendant-Appellee.**

No. 84–3547.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 18, 1985.
Decided Oct. 21, 1985.

Sheldon Berns (argued), Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A., Robert J. Valerian, Adrienne C. Lalak, Cleveland, Ohio, for plaintiffs-appellants.

Jules N. Koach, C. Reynolds Keller (argued), Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendant-appellee.

Before LIVELY, Chief Judge, MERRITT and JONES, Circuit Judges.

MERRITT, Circuit Judge.

In this section 1983 case claiming both a taking of property without just compensation in violation of the Fifth Amendment and a deprivation of property without procedural due process in violation of the Fourteenth Amendment, plaintiffs-appellants, who are apartment developers, sue the defendant municipality and defendant city officials because they rescinded an apartment building permit originally issued in January 1974. Plaintiffs did not begin construction immediately under the building permit. When plaintiffs began clearing the premises for construction three years later, the state and local building codes had changed. Sewage and water drainage problems had developed in the neighborhood in connection with the apartment project. Ostensibly due to these changes, the defendant Mayor wrote the following February 7, 1977, letter rescinding the building permit:

Gentlemen:

After receiving a report from Fisher and Associates, the City Engineer, and Albert Heavilin, the City Law Director, regarding the drainage at the Four Seasons Project, it is necessary that we rescind all permits for any further work on this project until these problems have been resolved.

Although there were numerous meetings, the problems were not resolved concerning the drainage and later in January 1980, the city imposed a new requirement for a sprinkler system.

Asserting state and federal claims, the plaintiffs sued the defendants in state court in March 1980, seeking a writ of mandamus, declaratory relief and damages. Plaintiffs withdrew the state court action a few days after filing this federal action in June 1982.

█ The plaintiffs' Fifth Amendment claims for the taking of property and just compensation are defeated by the recent decision of the United States Supreme Court in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, — U.S. —, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). There the Court held that "if a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the just compensation clause until it has used the procedure and been denied just compensation." *Id.* at 3121. The Court reasoned as follows:

The recognition that a property owner has not suffered a violation of the just compensation clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the state for obtaining such compensation is analogous to the Court's holding in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). There the Court ruled that a person deprived of property through a random and unauthorized act by a state employee does not state a claim under the Due Process Clause merely by alleging the deprivation of property.

*Id.*

█ In the instant case there is no claim that the State of Ohio does not have an

adequate inverse condemnation law permitting citizens to recover just compensation for governmental takings. In fact, plaintiffs filed an action in state court alleging a taking and then voluntarily withdrew it. Thus, this aspect of the action must be dismissed under the *Williamson County* case because plaintiffs have failed to use the state procedures available to test their right to just compensation.

The plaintiffs' procedural due process theory does not present a valid constitutional claim either. Similar considerations apply. Neither state statutes and judicial decisions nor municipal ordinances define the duration of the building permit issued to the plaintiffs in 1974. The building permit remained unused for three years. It is obvious that unused building permits do not remain in effect indefinitely. The City takes the position that the permit expired within a reasonable time (no longer than a year after issuance) and in any event that any "property" interest remaining in the permit was so diluted after three years of nonuse that the permit was subject to renegotiation and reapproval. In the absence of any established or defined state or local policy or procedure regulating this subject, we are unable to conclude that the Mayor's letter subjecting the permit to new negotiations was unreasonable.

In their withdrawn state court action, plaintiffs claimed that the Mayor's rescission letter was illegal under local and state law. If so, it was (a) an unauthorized official act, (b) not a part of any "established state procedures" as defined in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982), and (c) therefore, as an unauthorized official act, was subject to the rule of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer*, — U.S. —, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984), and *Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1984), all of which require a showing of inadequate state corrective procedures. District Judge

Manos so concluded in his able analysis in the court below.

On the other hand, if the Mayor's rescission action is to be characterized not as an unauthorized act as originally claimed but rather as authorized by state and local law, as now claimed in the alternative, and therefore is to be characterized under *Logan* as "an established state procedure" for handling local building permits, we are unable to conclude that such a state procedure is invalid under the Due Process Clause. We know of no constitutional procedural principle that would invalidate a state rule that an unused, three-year-old, building permit is subject to reconsideration in light of new environmental and safety considerations. Plaintiffs have cited no authority or line of reasoning that would invalidate such a state procedure regarding building permits.

Thus, whether viewed as an unauthorized act or as an authorized "established state procedure," the Mayor's letter rescinding the building permit without calling a hearing in advance of issuing the notice does not violate procedural due process.

Accordingly, the judgment of the District Court is affirmed.