798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louis BOMAR, Plaintiff-Appellant,
v.
Warden HATCLIFF, Associate Warden Casteel, Counselor Beth
MacKinon, Counselor Frank Halloway, Officer Harold
Hobbs, Warden Otie Jones and Counselor
Bill Turner, Defendants-Appellees.
Louis BOMAR, Plaintiff-Appellant,
v.
Michael CODY, Attorney General; Gary Livesay, Warden,
Bledsoe County Regional Correctional Facility; Otie Jones,
Warden, Morgan County Regional Correctional Facility;
Associate Warden Castell, Warden Hatcliff, Frank Halloway
(Holland); Beth MacKinem, Knoxville Community Service
Center; Dave Elam, Paul Smith, Duane Smith, Captain
Cunningham, Cpl. Medlin, Dorothy Goddard, Bledsoe County
Regional Correctional Facility; Bill Turner, Morgan County
Regional Correctional Facility; and Tennessee Department of
Corrections, Defendants-Appellees.
 Nos. 85-5422, 85-5423.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 In 85-5422, this pro se plaintiff appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 for failure to state a claim. In 85-5422, the same plaintiff appeals from another district court judgment dismissing his two habeas corpus petitions and another civil rights complaint which were all construed to be filed under 42 U.S.C. 51983 for being barred under the doctrine of res judicata. The latter three suits presented nearly the identical claims against nearly the identical defendants. They had been filed in other courts in Tennessee and transferred to the Eastern District Court at Knoxville. After the former suit was dismissed, the district court dismissed the latter three suits for being barred by res judicata.
 
 
 2
 At the time plaintiff filed his suits, he was a Tennessee state prisoner serving a two year sentence for being a habitual traffic offender. His term of sentence was scheduled to be fully completed by February 4, 1986. In all his suits, the plaintiff raised a myriad number of claims essentially challenging the conditions of his confinement at three different Tennessee state prisons. As taken from the numerous papers appended to his form complaints and petitions, the plaintiff essentially charged various defendants with denying him adequate medical attention, denying him access to the courts, placing him in deadlock status and segregation, altering his parole papers so as to make him serve his entire term of sentence, disciplining him on a false charge of drug abuse, and denying him his right to work release and furloughs.
 
 
 3
 After being advised that his first suit would be dismissed for failure to state a claim unless he amended his complaint within twenty days, the plaintiff filed an amended complaint and a motion to amend. As with his initial complaint, the plaintiff filed numerous papers appended to his amended complaint and motion to amend which all expanded upon his initial rambling discourse on his confinement.
 
 
 4
 Even though a pro se plaintiff's complaint should be liberally construed and the allegations be accepted as true on appeal from a dismissal of the complaint, Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir. 1985), it is of no avail for this plaintiff because his allegations are rambling and self-contradictory and are otherwise factually insufficient to state a cause of action. In order to prove an eighth amendment claim of cruel and unusual punishment against state prison officials, the plaintiff must assert that the defendants acted with gross neglect or deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligence is insufficient to support the claim; Estelle v. Gamble, supra; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985); and the finding of cruel and unusual punishment must be buttressed upon specific conditions which are by themselves violative of the eighth amendment. Walker v. Mintzes, 771 F.2d 920, 925-26 (6th Cir. 1985). The circumstances in the instant cases clearly did not arise to this constitutional level. Plaintiff, by his own admissions expressed in the papers appended to his complaints, rebuked all alcohol and drug rehabilitation programs. Except for a two week period, the the plaintiff was admittedly receiving medical attention and treatment for his various medical problems. Under all the circumstances, it simply does not appear that the plaintiff adequately asserted a claim of gross neglect or deliberate indifference to his serious medical needs.
 
 
 5
 Regarding his claimed denial of access to the courts, such a claim is stated if one alleges a denial of access to the courts, not to the prison library. Walker v. Mintzes, 771 F.2d at 932; see also Holt v. Pitts, 702 F.2d 639 (6th Cir. 1983). Access to the library is but one factor to consider in the analysis; regulations regarding time, place and manner for legal research are more pertinent and may be properly regulated without interferring with a prisoner's access to the courts. Walker v. Mintzes, 771 F.2d at 932, quoting Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978). By his own proof, plaintiff has shown that he has been given 20 hours of legal research time per week in the library and a not unreasonable maximum number of 40 copies a month on the copying machine. In Walker, this Court concluded that access to the library for 11 hours, 10 hours and 41/2 hours a week at three prisons was not indicative of a transgression upon the prisoners' right of access to the courts. Walker, 771 F.2d at 932. Furthermore, the plaintiff does not make any accusation of prejudice resulting from his denial of access to the court § . He was allegedly threatened with discipline if he filed an amended complaint to his first suit; but, threats of this type, while disturbing, do not constitute actual deprivations of the plaintiff's constitutional rights. Cf. Macko v. Byron, 760 F.2d 95, 97 (6th Cir. 1985) (per curiam). Plaintiff, -nonetheless, subsequently filed an amended complaint, a motion to amend, two habeas corpus petitions and another civil rights suit. No where does it appear that his access to the courts was thwarted.
 
 
 6
 Plaintiff's claim of being disciplined without cause for abusing his prescription drugs is also without merit. The guilty finding was upheld on administrative appeal; and plaintiff claimed in his later papers that he was suffering from drug abuse. Under these circumstances, it is clear that plaintiff's attack on the disciplinary board's decision was perfuntory and contradictory; he in no way impugned the decision nor did he show that it lacked factual support. See Superintendent v. Hill, 105 S.Ct. 2768 (1985). In this same regard, it is clear that the drug abuse conviction also would support the parole board requiring thats plaintiff to serve his two year term without parole. Plaintiff also made the related charge that the parole board somehow altered his parole papers without just cause and without notice. This claim is insufficiently supported by adequate facts and it, therefore, failed to state a claim. Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979); Bryan v. Stillwater Bd. of Realtors, 578 F.2d 1319, 1321 (10th Cir. 1977); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971). Even if an expectation in parole was legitimately held by the plaintiff, a suit for redress for the denial of the liberty interest would have to be filed in the state courts. The denial is allegedly illegal so it was, therefore, an unauthorized and random deprivation. Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir. 1985); Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S.Ct. 125 (1984). Plaintiff must, therefore, pursue his Tennessee state court remedies which are adequate to redress his claimed deprivation. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985) (per curiam).
 
 
 7
 Plaintiff's claim of being placed in deadlock status in his unit for over thirty days in violation of prison policy also fails to state a claim of constitutional proportion. Plaintiff seems to seek protection under procedural policy guidelines regarding prison management; this kind of procedural interest, however, is not protected under the constitution, as due process is simply not an end in itself. Olim v. Wakinakona, 461 U.S. 238, 250 (1983); Naegele Outdoor Advertising Co. v. Moulton, 773 F.2d 692, 702-3 (6th Cir. 1985); Walker v. Mintzes, 771 F.2d at 933-34. Even if a liberty interest were impugned in this case, the plaintiff clearly must resort to state and not federal court to press his claim for redress of deprivation of this liberty interest. See Four Seasons Apartment v. City of Mayfield Heights, supra; Brooks v. Dutton, supra; Vicory v. Walton, supra.
 
 
 8
 Plaintiff's claim regarding the denial of access to work release programs and furloughs were also properly denied as they concern the type of judgment calls regarding prison management which are best left to the wide discretion and expertise of prison administrators; plaintiff's interest in the programs was also outweighed by the defendants' legitimate penological concerns for institutional safety and security. See Bell v. Wolfish, 441 U.S. 520, 562 (1979); Brown v. Johnson, 743 F.2d 408, 413 (6th Cir.1984), cert. denied, 105 S.Ct. 1190 (1985).
 
 
 9
 Finally, it is also apparent that the district court properly construed the plaintiff's habeas corpus petitions as civil rights claims as the plaintiff was attacking the conditions of his confinement and not his judgment of conviction. Contrast Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam). Since the plaintiff sought to raise nearly identical arguments as were raised in his first suit, the district court properly dismissed the latter suits for being barred under the doctrine of res judicata. Allen v. McCurry, 449 U.S. 9 (1980); Castorr v. Brundage, 674 F.2d 531, 536 (6th Cir.), cert. denied, 459 U.S. 928 (1982).
 
 
 10
 For these reasons, this panel unanimously agrees that oral argument is not necessary in these appeals. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgments are, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.