812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Plaintiff-Appellant,
v.
Richard P. SEITER; Raymond E. Capote; Gale A. Weller;
Howard E. Hall, Defendants-Appellees.
 No. 86-3891.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1987.
 
 Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motions, informal brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se plaintiff moves the Court for the appointment of counsel and in forma pauperis status in his appeal from a district court order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 for failure to state a claim.
 
 
 3
 Seeking injunctive and monetary relief, plaintiff sued certain Ohio state officials claiming that they had miscalculated his parole eligibility date by failing to credit him with three days for each day he spent in county jail awaiting trial. He also claimed that he was entitled to additional credit in the amount of one month of good time credit for advancement of his educational level. Plaintiff claimed that he is clearly entitled to this good time credit pursuant to established state law.
 
 
 4
 Upon review of the record and plaintiff's informal brief, we affirm the district court's judgment. His complaint was properly dismissed for failure to state a claim pursuant to the doctrine established in Parratt v. Taylor, 451 U.S. 527 (1981). Plaintiff asserted a claim of illegal deprivation of his liberty which is contrary to established state law. It is thus a random and unauthorized act under state law. See Four Season Apartments v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir.1985); Kumar v. Marion County Common Pleas Court Div. of Dom. Rel., 704 F.2d 908 (6th Cir.1983) (per curiam ). As such, the claim fails to state a violation of procedural due process if there is an adequate remedy to pursue under state law. See Four Seasons Apartments v. City of Mayfield Heights, supra; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir.1985); Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985) (en banc ). As determined by the district court, it does appear that the state of Ohio provides an adequate remedy for the plaintiff to pursue. In addition, the plaintiff has failed to plead and prove that he does not have adequate state remedies at his disposal. See Campbell v. Shearer, 732 F.2d 531 (6th Cir.1984); Vicory v. Walton, 721 F.2d 1062 (6th Cir.), cert. denied, 105 S.Ct. 125 (1984).
 
 
 5
 For these reasons, the plaintiff's motions are hereby denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.