815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvine COMSIA, Plaintiff-Appellant,
v.
Rudy D. MANGNONE, Robert Melcher, Peter P. Polloni, James R.
Flewellyn, Minnie Phillips Johnson, Susan Gergye Farage, Don
Adamson, Michalene Hughley, John Richards, Stephen McPeake,
William Clark, Ian Blaine, David Groezinger, Larry Linn,
Richard Watkins, Michael Donovan, Alan Wayne Sheppard,
Municipality of Sebring, Ohio, Judge Fred Baily, Judge
Michael A. Gerchak, Judge Joseph D. Betras, Ralph Muerth,
Michael Pinkerton, Richard Ross, Francis J. Marini, Dennis
Devies, Edward Stokes, Hugh Taylor, Jr., Private Citizens
Allen Larken, Alvin Karli, Robert Wilkin, Mrs. Robert
Wilkin, Thomas Burkhart, Marlene Burkhart, John Smith, City
of Canton, Health Dept., Fire Prevention Bureau, Building
Inspection Dept., Defendants-Appellees.
 No. 85-4060.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se plaintiff appeals from the district court orders which dismissed her original 42 U.S.C. Sec. 1983 complaint and struck her amended complaints from the record.
 
 
 3
 Plaintiff essentially alleges that the numerous defendants, including state of Ohio employees, conspired under color of state law to have her license to operate a residential care facility revoked by the Ohio Department of Mental Retardation without due process of law.
 
 
 4
 The district court correctly decided to dismiss plaintiff's original complaint on two grounds asserted in the defendants' motion to dismiss. The plaintiff essentially seeks relief for the alleged deprivation of her property interest as guaranteed her under state law but denied her in violation of the Fourteenth Amendment to the United States Constitution. Her complaint was properly dismissed for failure to state a claim pursuant to the doctrine established in Parratt v. Taylor, 451 U.S. 527 (1981). Plaintiff asserted a claim of illegal deprivation of her property which is contrary to established state law. It was thus a random and unauthorized act under state law. See Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir.1985); Kumar v. Marion County Common Pleas Court Div. of Dom. Rel., 704 F.2d 908, 910 (6th Cir.1983) (per curiam ). As such, the claim fails to state a violation of procedural due process if there is an adequate remedy to pursue under state law. See Four Seasons Apartment v. City of Mayfield Heights, supra; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir.1985); Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985) (en banc ). The state of Ohio provides an adequate post-deprivation proceeding for the plaintiff to pursue which satisfies the requirements of procedural due process. Ohio Revised Code Sec. 119.12. In addition, the plaintiff has failed to plead and prove that she does not have adequate state remedies at her disposal. See Campbell v. Shearer, 732 F.2d 531 (6th Cir.1984); Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). Furthermore, plaintiff failed to prosecute this complaint for over forty (40) months following the filing of her complaint. Thus, the district court also correctly dismissed the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. See Consolidation Coal Co. v. Gooding, 703 F.2d 230, 232 (6th Cir.1983).
 
 
 5
 The district court correctly struck from the record pursuant to Rule 12(f), Federal Rules of Civil Procedure, plaintiff's pleadings which attempted to amend the complaint because they were incomplete, incomprehensible, changed the nature of the claim, and contained redundant, immaterial and impertinent matter.
 
 
 6
 For these reasons, it is ORDERED that the district court's judgments be and hereby are affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.