815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virgil M. WARREN and Linda G. Warren, Plaintiffs-Appellants,
v.
Clifford F. HALEY; Clifford Lee and Danny Thompson,
Defendants-Appellees.
 No. 86-5389.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiffs bring this section 1983 action claiming a deprivation of property without procedural due process in violation of the Fourteenth Amendment and a taking of property without just compensation in violation of the Fifth Amendment as incorporated in the Fourteenth and a deprivation of Fourteenth Amendment substantive due process. These claims fail because there is no showing that adequate state remedies are lacking or that the conduct alleged is so outrageous that it constitutes a constitutional tort without regard to the state's corrective process. We therefore affirm the District Court's dismissal of the case.
 
 
 2
 The facts of this case, alleged in the complaint, center on the defendants' forcible removal of a locked gate from plaintiffs' property after the following events: On May 14, 1985, defendant Haley instructed the Warrens to remove a gate which he then believed was located on county property. The Warrens received two similar notices in August of 1985 including notification from the Bullitt County Attorney informing them that the County's Fiscal Court and Judge Haley as County Engineer had determined that the gate was located on a county road. The letter again instructed Warren to remove the lock and gate or the County Road Department would remove them. Warren was invited to provide the County with a survey of the property to show the location of the county road and he was invited to litigate the matter.
 
 
 3
 First, plaintiffs were given the opportunity to pursue this matter in state court. They have an action now pending there. To prevail in a procedural due process case the plaintiff must plead and prove that the remedies available under state law are inadequate. Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). See also Hudson v. Palmer, 468 U.S. 517 (1984). Plaintiffs have failed to allege any facts on this issue, and therefore this claim of plaintiffs must fail because there is no showing that the state would deny plaintiff an adequate procedure for prosecuting their dispute.
 
 
 4
 The defendants' actions must be characterized as "random and unauthorized" under Hudson v. Palmer, 468 U.S. 517 (1984), and Logan v. Zimmerman Brush Co., 455 U.S. 421 (1982). The Warrens misunderstood this requirement. The acts do not have to be intentional, but they must be acts which are not pursuant to established state procedures and conduct. Hudson v. Palmer, 468 U.S. 517 (1984); Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985); Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983). The District Court is correct that there is a distinction between actions taken under state procedures and individual state employees acting on their own without employing the established state procedures.
 
 
 5
 Second, plaintiffs assert a Fifth Amendment right not to have property taken without just compensation. In order to determine whether there was just compensation, the state remedies must first be exhausted. Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 105 S.Ct. 3108 (1985). The Supreme Court has stated, "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson County v. Hamilton Bank, 105 S.Ct. at 3121. Plaintiffs cannot bring a section 1983 action until the remedies available to them in state court are utilized. See also Four Seasons Apartments v. City of Mayfield Heights, 775 F.2d 150 (6th Cir.1985) (relying on and explaining the Williamson County case in a similar situation).
 
 
 6
 Third, the doctrine of substantive due process--independent of the incorporation doctrine--has no application to the facts of this case. The case does not fall within any of the various theories of substantive due process elaborated by the Supreme Court. See Rochin v. California, 342 U.S. 167 (1951); Roe v. Wade, 410 U.S. 113 (1973). The case must stand or fall as a procedural due process or just compensation case, and for the reasons outlined above and by the District Court below, there is no ground based on Kentucky's procedures to stand on here.
 
 
 7
 Accordingly, the judgment of the District Court is affirmed.