825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anderson HOOD, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Robert Atherton, Sargent
Lammers, Defendants-Appellees.
 No. 86-2148
 United States Court of Appeals, Sixth Circuit.
 July 31, 1987.
 
 ORDER
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed his complaint under 42 U.S.C. Sec. 1983 alleging a violation of due process and the eighth amendment because defendants failed to follow state law. Plaintiff seeks declaratory and monetary relief, but stated in his complaint that 'damages will suffice.' The district court sua sponte dismissed the Michigan Department of Corrections under the eleventh amendment and subsequently granted summary judgment for defendants and dismissed plaintiff's action upon the magistrate's recommendation. We affirm.
 
 
 3
 Plaintiff alleges that defendants failed to perform their statutory duties in two respects which deprived him of a liberty interest. First, he alleges that defendants established their own policies which were contrary to state law and failed to promulgate those policies under the Administrative Procedures Act. Second, he alleges that one defendant acted as a hearing officer on a minor misconduct charge without the authority of state law. Assuming plaintiff was deprived of a protected liberty interest through his sentence to four days top-lock, this deprivation was the result of a random act as it was allegedly in violation of state law. Therefore, plaintiff must plead and prove that his Michigan state remedies are inadequate. Parratt v. Taylor, 451 U.S. 527 (1981); Four Seasons Apartments v. City of Mayfield, 775 F.2d 150, 152 (6th Cir. 1985). Plaintiff has failed to do this and thus, his due process claim must fail.
 
 
 4
 Furthermore, plaintiff's eighth amendment claim must also fail because he cannot support this claim with mere conclusory allegations as he has attempted to do. Place v. Shepherd, 446 F.2d 1239, 1244 (1971).
 
 
 5
 Accordingly, we hereby affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.