838 F.2d 1216
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles T. WEAVER & Geraldine Weaver, his wife; Kentucky
River Development Corporation; and C.T. & G.,
Inc., Plaintiffs-Appellants,
v.
ANDERSON COUNTY FISCAL COURT; Anderson County Planning
Commission; and Anderson County Board of
Adjustments, Defendants-Appellees.
 No. 87-5234.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1988.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky.
 Before MERRITT, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, Charles Weaver, et al., brought this Section 1983 action in the United States District Court for the Eastern District of Kentucky, alleging that the defendants, Anderson County Fiscal Court, et al., deprived plaintiffs of their constitutionally protected right not to be deprived of property without due process of law by ordering him to halt development of a mobile home park because the property in question had recently been zoned as exclusively residential. The District Court which heard the case on summary judgment, ruled that the plaintiffs had acquired a vested right to complete their development, and further ruled that the decision of the Board of Adjustments denying much of the relief plaintiffs had requested, had no res judicata effect in this case. Defendants appealed, claiming, among other things that plaintiffs' suit should be dismissed for lack of ripeness. Because we agree that plaintiffs did not adequately take advantage of available state remedies, we REVERSE the decision of the District Court, and REMAND with instructions to DISMISS the case as prematurely brought.
 
 
 2
 Plaintiffs are owners of land in Anderson County, Kentucky, that they planned to develop into a mobile home park and an adjacent sales lot. Weaver submitted an application to the state for a permit to construct 340 lots, together with an adjacent sales lot. On March 14, 1985, the State Department of Health issued a permit and the plaintiffs started their development soon thereafter. Plaintiffs claimed to have spent considerable amounts of money and incurred substantial obligations preparing the site for development.
 
 
 3
 On September 1, 1985, Anderson County adopted its zoning ordinance which zoned plaintiffs' property as agricultural. Since a mobile home park and sales lot violated the new zoning laws, in November of 1985 the zoning enforcement officer of Anderson county issued a cease and desist order against the plaintiffs to prevent any further development in violation of the new laws.
 
 
 4
 In response to the cease and desist order, the plaintiffs filed this action on December 12, 1985, requesting a preliminary injunction from the District Court enjoining the defendants from interfering with their construction pending a review of the merits of the case. Plaintiffs also filed an appeal of the cease and desist order with the Anderson County Board of Adjustments, solely for purposes of preserving their right of appeal in the state system and to contest the jurisdiction and legal authority of the Board of Adjustments over the plaintiffs' alleged pre-existing and non-conforming use. That was their sole use of state remedies. Notably, the plaintiffs did not seek a variance to the zoning regulations nor did they bring an inverse condemnation proceeding against the county.
 
 
 5
 Prior to any hearing before the Board of Adjustments, the District Court granted the injunctive relief requested by the plaintiffs, but advised all parties that it would be appropriate for the Board of Adjustments to hold a hearing and make findings on the matter. The Board then found that the plaintiffs had acquired a vested right to complete only 70 lots of the 340 lot project, (Phase One of the plan), but held that plaintiffs had no vested rights to develop the rest of the land as a mobile home park or sales lot. The plaintiffs did not appeal the Board's ruling to the state circuit court, as they were entitled to do, but instead returned to the District Court and requested permanent injunctive relief. Each side moved for summary judgment, and the District Court granted plaintiffs' summary judgment and the requested injunction.
 
 
 6
 Defendants argue that plaintiffs' claims lack the ripeness required by the Supreme Court's decision in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985). We agree. In Williamson County, the Supreme Court held that the plaintiff's takings and due process claims were premature because they had not applied for a zoning variance before bringing their Section 1983 claim against the county. In that case developers of a clustered homes community sued the Williamson County Planning Commission for changing zoning requirements during development of the project and then refusing to approve plats that allegedly would have met the requirements of the prior law. The Court rejected the developer's constitutional claims because it had both failed to "seek variances that would have allowed it to develop the property according to its proposed plat," id. at 188, and failed to "seek compensation through the procedures the State has provided for doing so." Id. at 194. Therefore, the Court held, the developer's "claim is not ripe" because it had "not yet obtained a final decision regarding the application of the zoning ordinance and subdivision regulations to its property." Id. at 186.
 
 
 7
 The same is true in this case. The plaintiffs have failed to obtain a final decision regarding the application of the zoning ordinance to their property. They have not sought a zoning variance which would allow them to continue. It is not enough that they appealed the cease and desist order to the Board of Appeals, because as the Supreme Court said in Williamson County, "the Board was empowered, at most, to review [the cease and desist order], not to participate in the ... decisionmaking." Id. at 193.
 
 
 8
 Plaintiffs attempt to distinguish this case from Williamson County, arguing that Williamson County involved a claim under the just compensation clause, while they also claim a substantive due process violation under the due process clause. This argument fails because the Williamson County Court made clear that a litigant must first request a variance, whether alleging a takings or a substantive due process violation. "We need not pass upon the merits of petitioners' arguments, for even if viewed as a question of due process, respondent's claim is premature." Id. at 199.
 
 
 9
 Aside from plaintiffs' failure to request a variance, their failure to file a claim for inverse condemnation also makes this suit premature. In Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150 (6th Cir.1985), this Court held that developers could not challenge a city's recission of a building permit as an unconstitutional taking without just compensation without first using state procedures under inverse condemnation. Likewise, in this case, if the plaintiffs believed that the new zoning ordinance deprived them of the use of their property, they should have brought an inverse condemnation proceeding before filing suit under Section 1983. Because the plaintiffs have failed to avail themselves of the available state procedures, the County's decision cannot be considered final, and the federal suit is premature. Accordingly we REVERSE the decision of the District Court, and REMAND the case with instructions to DISMISS the complaint without prejudice.