852 F.2d 568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HATTON, Plaintiff-Appellant,
v.
George WILSON, Secretary Corrections Cabinet; D. Sowders,
Warden, NTC; C. Bailey, Corrections Officer, NTC; Deft
Mink, Corrections Officer, NTC; Rogers, Corrections
Officer, NTC; B.W. Wilborn, Corrections Officer, NTC;
Woods, Corrections Officer, NTC; Robert L. Good,
Corrections Officer, NTC; B. Martin, Corrections Officer,
NTC; John Doe; Adams; John Doe 2; G. Beckstrom; L.
Napier; C. O'Bryan; D. Bottons; John Doe 3; John Doe 4;
John Doe 5; B. Waldridge; B. Griffitts; D. Stawart; N.
Yeast; C. Waldridge, Defendants-Appellees.
 No. 88-5014.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1988.
 
 1
 Before BOYLE F. MARTIN, Jr. and WELLFORD, Circuit Judges and JULIA S. GIBBONS, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff sued the Secretary of Corrections Cabinet, the warden of Northpoint Training Center, and numerous corrections officers, challenging his multiple disciplinary convictions as violating his constitutional rights. He alleged that: (1) he did not receive an adequate written statement as to the evidence relied on and the reasons for the disciplinary action against him; (2) the convictions were not based upon sufficient evidence; (3) one conviction was based upon unverified information from confidential informants; and (4) the defendants conspired to violate other unspecified rights. He requested monetary damages and injunctive relief.
 
 
 4
 Upon consideration, we vacate and remand the district court's order because the Parratt v. Taylor, 451 U.S. 527 (1981) doctrine does not apply, and plaintiff's allegations cannot be resolved on the state of the present record.
 
 
 5
 The deprivations of which plaintiff complains are not random and unauthorized for Parratt v. Taylor purposes merely because the process afforded by state law was not followed. For that doctrine to apply, the deprivation of an underlying right must be random and unauthorized. See Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 199 (6th Cir.1987); Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir.1985). Plaintiff does not have a due process right in due process. Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Simply because procedural safeguards were not complete does not render the deprivation of his liberty random and unauthorized. See Franklin v. Aycock, 795 F.2d 1253, 1262 (6th Cir.1986). In this case, the deprivation of plaintiff's liberty was accomplished pursuant to a regulation governing prison behavior. Thus, the Parratt v. Taylor doctrine does not apply to defeat the claim. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982).
 
 
 6
 In addition, remand to the district court is necessary because it cannot be determined from the record whether plaintiff has stated a valid claim. Plaintiff has not attached to his complaint a copy of the factfinder's statement of the evidence relied on and the reasons for the disciplinary action. This statement is necessary so that the court can decide whether the requirements of Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), were met.
 
 
 7
 For these reasons, the district court's order is vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation