881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James McNALLY, Plaintiff-Appellant,
v.
John BEHNKE, Sgt., Defendant-Appellee.
 No. 89-1301.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and HENRY R. WILHOIT, Jr., District Judge.*
 
 ORDER
 
 2
 James McNally, proceeding pro se, moves for the appointment of counsel, a free transcript at government expense and pauper status on appeal from the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 McNally filed two Sec. 1983 actions against the same defendant, a Michigan police officer, claiming that the defendant defamed him, violated state police procedures, unconstitutionally deprived him of his personal property and subjected him to an unreasonable search and seizure. The district court granted the defendant summary judgment.
 
 
 4
 Upon consideration, we affirm the district court's judgment. McNally's defamation claim is insufficient to support Sec. 1983 relief as an individual's reputation alone does not constitute a liberty or property interest sufficient to invoke procedural due process protection. See Paul v. Davis, 424 U.S. 693, 710 (1976); Walker v. Cahalan, 542 F.2d 681, 683 (6th Cir.1976). Furthermore, relief is not warranted based on McNally's remaining claims that the defendant unconstitutionally deprived him of his personal property and failed to follow state procedures. Such conduct, alleged to be contrary to state law, is considered random and unauthorized, and hence could not have been anticipated by the state authorities. See Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 199 (6th Cir.1987); Four Seasons Apartment v. City of Mayfield Heights, Ohio, 775 F.2d 150, 152 (6th Cir.1985). A claim was therefore not stated because McNally failed to plead and prove the inadequacy of state remedies to redress the wrong. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 5
 Finally, McNally failed to state a claim for an illegal search and seizure because the claim was conclusory and factually unsupported. See Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir.1971).
 
 
 6
 Accordingly, the motion for counsel and a transcript at government expense are denied. McNally's request for pauper status is also denied as moot as he is already proceeding as a pauper. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation