885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence J. STOCKLER and Rosemarie McLellan, Receiver over
the assets of Albert W. Semaan, Plaintiffs-Appellants,
v.
CITY OF DETROIT, a municipal corporation, Defendant-Appellee.
 No. 88-2203.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and THOMAS A. HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Lawrence J. Stockler and Rosemarie McLellan appeal from the district court's dismissal of their action pursuant to Rule 12(b)(6) of the Federal Rules Of Civil Procedure. For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 Prior to the instant action, appellant Stockler entered a judgment against Albert Semaan, the owner of a building and real estate at 201 E. McNichols, Detroit, Michigan. As a result, a sheriff's lien was placed against the property. McLellan was appointed receiver over Semaan's property in state court. Ultimately, the State of Michigan ("State") acquired the property in a tax foreclosure sale.
 
 
 3
 On November 27, 1985, the State conveyed to the City of Detroit ("City") by quitclaim deed all right, title and interest it had in the property. On May 9, 1986, the City, having determined that the building was extensively fire damaged and structurally unsafe, had the building torn down.
 
 
 4
 On January 12, 1988, Stockler and McLellan filed suit against the City in the United States District Court for the Eastern District of Michigan, Judge Robert E. DeMascio presiding. The complaint alleged that because the building had been torn down by the City without having title to the property and without notice, the City's actions constituted a taking in violation of the fifth and fourteenth amendment. The complaint also raised state law trespass and conversion claims.
 
 
 5
 Both parties filed cross-motions for summary judgment. On, September 28, 1988, the district court denied both motions and sua sponte dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) because Stockler and McLellan had failed to exhaust post deprivation remedies in state inverse condemnation proceedings as required for just compensation clause claims.
 
 
 6
 On October 6, 1988, Stockler and McLellan filed a motion for reconsideration in the district court. On November 7, 1988, the district court denied the motion. On November 17, 1988, appellants filed timely notice of appeal to this court.
 
 II.
 
 7
 This court can affirm a district court's order of dismissal based ona failure to state a claim under Fed.R.Civ.P. 12(b)(6) only if there are no set of facts which would entitle plaintiff to recover. Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 279 (6th Cir.1987) (en banc). Matters outside the pleadings are not to be considered, and we must accept as true all well-pleaded facts. Id.
 
 A.
 
 8
 Although Stockler and McLellan presented several claims on appeal, the primary issue before this court is whether the district court properly dismissed this action pursuant to Rule 12(b)(6). In Williamson County Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), the Supreme Court held that if a government has provided an adequate process to allow a property owner to be compensated for the taking of her property, then the property owner has no claim against the government. The Court stated:
 
 
 9
 "The Fifth Amendment does not require that just compensation be paid in advance of or contemporaneous with a taking; all that is required is that a reasonable, certain and adequate provision for obtained compensation exists at the time of the taking.... If the state provides an adequate procedure for seeking just compensation for the taking of property, a property owner cannot claim a violation of the just compensation clause until it has used the procedure and been denied just compensation.... The state's action is not 'complete' in the sense of causing a constitutional injury unless or until the state fails to provide an adequate post deprivation remedy for the property loss.... Respondent has not shown that the inverse condemnation procedure is unavailable or inadequate, and until it has utilized that procedure, its taking claim is premature...."
 
 
 10
 Williamson, at 195-196. In Four Seasons Apartments v. City of Mayfield Heights, 775 F.2d 150 (6th Cir, 1985), applying the rule of Williamson, this court examined the recission of a building permit without notice and held that because plaintiffs had failed to exhaust state law remedies, their takings claim must be dismissed.
 
 
 11
 In dismissing Stockler's and McLellan's complaint, the district court relied on Williamson and noted that until state remedies were exhausted their fifth amendment claim was not ripe for review. Stockler and McLellan incorrectly claim that the State does not provide a viable postdeprivation remedy in the form of inverse condemnation proceedings. However, in Hart v. City of Detroit, 416 Mich 488, 331 N.W.2d 438, (1982), the Michigan Supreme Court held that inverse condemnation actions are founded on the Michigan Constitution of 1963, Art. 10 Sec. 2. Thus, because adequate post deprivation remedies exist in the State of Michigan and because Stockler and McLellan have failed to exhaust those remedies, we conclude that the district court properly dismissed their complaint pursuant to Rule 12(b)(6).
 
 B.
 
 12
 Stockler and McLellan next argue that the district court erred in dismissing their fourteenth amendment procedural due process claim. They maintain that the City failed to notify them of its plan to demolish the building at 201 McNichols, as required by ordinance, and that state employees failed to conduct a title search before the tax foreclosure sale. Stockler and McLellan assert that this lack of notice deprived them of procedural due process, and consequently, they are entitled to bring this claim directly in federal court without first exhausting state remedies.
 
 
 13
 The Supreme Court has held that an unauthorized deprivation of property by a state employee, whether negligent or intentional, does not violate the procedural due process requirements of the fourteenth amendment if a meaningful postdeprivation remedy for the loss is available. Parratt v. Taylor, 451 U.S. 539 (1981); Hudson v. Palmer, 104 S.Ct. 3194, 3203-04 (1984). In Yates v. Jamison, 782 F.2d 1182 (4th Cir.1986), cited by the district court in it's order denying reconsideration, city officials demolished plaintiff's building without notice because city employees failed to adequately search public records to ascertain plaintiffs correct address. The court stated that the violation at issue was the random and unauthorized act of city officials in failing to search the public records. Applying Parratt, the court reasoned that because plaintiff possessed an adequate postdeprivation remedy in the form of a state court action for inverse condemnation, the action should be dismissed for failure to state a claim.
 
 
 14
 Turning to the instant case, it is clear that Stockler's and McLellan's procedural due process claim also arises from the alleged unauthorized omission by state employees of a required procedure, which resulted in a deprivation of property. We agree with the Fourth Circuit's reasoning in Yates. Thus, because Michigan law provides a postdeprivation remedy in the form of inverse condemnation proceedings, we find that the district court correctly dismissed Stockler's and McLellan's procedural due process claim in accordance with Parratt.
 
 III.
 
 15
 For the reasons stated above, the judgment of the district court is AFFIRMED
 
 
 
 *
 Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation